IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH LIGGON-REDDING,<br><br>                    Plaintiff,<br><br>        v.<br><br>GENERATIONS, INTERSTATE,<br>HARVEST HOUSE APT, TOWANA<br>KILLINGS,<br><br>                    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3191 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on the motion of
Defendants Generations, Interstate, Harvest House Apt, and
Towana Killings' (hereinafter, "Defendants") to dismiss [Docket
Item 15] Pro se Plaintiff Elizabeth Liggon-Redding's Complaint
[Docket Item 1]. Plaintiff alleges that Defendants, the owners
or managers of the housing complex in which she has lived since
2008, have treated her unfairly and discriminated against her on
the basis of her disability, in violation of her constitutional
rights.

Because Plaintiff's Complaint fails to state a plausible
claim for relief, the Court will grant Defendant's motion to
dismiss but will permit Plaintiff an opportunity to amend her
Complaint to cure the deficiencies discussed herein, if

Plaintiff has a factual basis to do so. The Court finds as follows:

1.   Plaintiff filed this Complaint against Generations, Interstate, Harvest House Apt, and Towana Killings.[1] She pleads that she moved into Harvest House Senior Apts. in January of 2008, and that since then, she has been "constantly harassed and discriminated against by Management." (Complaint [Docket Item 1] at 1.) Although Plaintiff's Complaint is not a model of clarity, the Court can discern several discrete incidents. First, individuals "Carol," "Charlotte," and Defendant Towana Killings have all told Plaintiff that they wanted to evict Plaintiff, and Plaintiff believes that the individuals seeking to evict her are prejudiced against her. (Complaint at 1.) Second, Plaintiff alleges that she applied for rental assistance and was "denied Section Eight," because she lived in a two-bedroom apartment due to her disability.[2] (Complaint at 2.) Next, Plaintiff states that Defendants attempted to evict her every year for a total of five or six times, and implies that they did so because she was "outspoken" because things were being stolen out of residents' apartments. (Complaint at 2.) She finally states that most

---

[1] Although Plaintiff fails to identify these individuals, her Complaint suggests that they are the owners or managers of Harvest House, the building in which she resides.
[2] Plaintiff also complains that when she applies for rental assistance, "Carol" told someone that Plaintiff did not need it because she was never home. (Complaint at 2.)

recently, after she was voted "President of our Association."

Defendant Killings told members that Plaintiff could not be

President because she did not get along with Management. After

Plaintiff sent everyone a letter telling them what was

happening, Defendants initiated eviction proceedings against

her. (Complaint at 2-3.)

2.    Plaintiff states that she is disabled. (Complaint at

2.) She alleges the following cause of action:

> The Plaintiff is so tired of being Discriminated against by
> these individuals all her pleas for relief have fallen on
> deaf ears. The fact that they feel they can violate our
> Constitutional Right to peacefully assemble, vote for who
> we choose to represent us and treat us differently because
> we are disabled has to stop.

(Complaint at 4.) She seeks an order from the Court to

Defendants to "Cease and Desist their behavior towards

[Plaintiff] forthwith and if they do not a Jury Trial and One

and One Half Million Dollars, in Punitive and Compensatory

Damages. (Complaint at 5.)

3.    Shortly thereafter, Plaintiff filed a motion for

emergency stay of eviction seeking to repudiate an agreement in

which she consented to the entry of a New Jersey Superior Court

judgment of eviction and agreed to move out of her apartment.

The Court denied Plaintiff's application. [Docket Item 5.]

Defendants then filed a motion to dismiss, or in the

alternative, for a more definite statement pursuant to Fed. R.

Civ. P. 12(e). They argue that any claim of discrimination under
the Fair Housing Act must be dismissed because Plaintiff has
failed to set forth any allegations which would plausibly
demonstrate discrimination on the basis of disability, (Def. Br.
at 10-12), and that any constitutional claim under the First
Amendment should be dismissed because Plaintiff has not alleged
that Defendants are government entities. (Id. at 13-14.)
Defendants also attach a declaration by Kelli Staten, a current
Site Manager at Harvest House Apartments, and contend that all
claims are barred by the statute of limitations because
"Charlotte" and "Carol" have not worked at Harvest House for
four or five years, and Defendant Killings has not worked there
since 2014. (Id. at 8-10, 13.) As Staten also asserted that
Plaintiff was evicted from Harvest House in July 2014 due to her
failure to make rent payments, Defendants argue that Plaintiff's
Complaint is moot as it seeks only injunctive relief. (Id. at
15-16.)

    4.   Plaintiff filed a two-page response, styled as a
"Motion to Allow This Case to be Allowed to Proceed to Trial,"
approximately five months after Defendants filed their motion,
as well as a reply in further support of that motion.[3] (Pl. Mot.

---

[3] Defendants' motion was filed on September 4, 2014. Plaintiff
sought an extension of time until to file a response to
Defendants' motion, which the Court granted by text order.
[Docket Item 18.] After Plaintiff failed to file an opposition

[Docket Item 22].) In that reply, Plaintiff notes that she had asked that Defendant Killings "not be allowed to tell the residents that [Plaintiff] could not be President of our Association," but that "they" refused, and Plaintiff was evicted as a result. (Pl. Resp. to Def. Letter [Docket Item 25] at 1-2.)

    5.   A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

by the revised due date of October 14, 2014, the Court, by letter dated December 30, 2014, granted another extension allowing Plaintiff to respond by January 20, 2015. [Docket Item 19.] Plaintiff wrote back, stating that she never received the first text order, and the Court, in an effort to avoid any possible confusion and provide Plaintiff with the fullest opportunity to defend her case, extended the time to respond to January 30, 2015. [Docket Item 21.] Plaintiff's response, a two-page "Motion to Allow This Case to be Allowed to Proceed to Trial" addressing Defendant's motion, was finally filed on January 26, 2015. [Docket Item 22.] The Clerk of the Court docketed Plaintiff's response as a new motion based upon the title, and the parties addressed Defendants' motion to dismiss in the subsequent briefing on Plaintiff's motion. (See Def. Letter [Docket Item 24]; Pl. Resp. to Def. Letter [Docket Item 25].)

the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, legal conclusions are not entitled to the same assumption of truth, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted). The Complaint must contain "'enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 550 U.S. at 556).

6.     Because Ms. Liggon-Redding is a pro se plaintiff, the Court construes her Complaint liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). If a complaint is vulnerable to dismissal, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). If the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," the Court may direct Plaintiff to provide a more definite statement. Fed. R. Civ. P. 12(e).

6

7.    Although Plaintiff's Complaint does not specify a cause of action, the Court liberally construes the Complaint as attempting to allege a violation of her federal constitutional rights and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f)(2)(A) & 3613. The Court finds that Plaintiff's Complaint fails to state a claim for relief.

8.    Plaintiff has not alleged a plausible discrimination claim under the Fair Housing Act. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person," 42 U.S.C. §§ 3604(f)(2)(A), and permits any aggrieved person to file an action in federal court to obtain relief for a discriminatory housing practice. The FHA defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of a person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). Plaintiff alleges that she is disabled, but fails to specify in the Complaint what her disability is. Nevertheless, given the relaxed pleading standard for a pro se plaintiff, Court will take Plaintiff's allegation of disability as true, and assume that she falls within the protection of the FHA for purposes of addressing this motion.

7

9.    Plaintiff asserts that Defendants discriminated
against her due to her disability, but there are no factual
allegations suggesting that the alleged mistreatment was due to
the fact that Plaintiff was disabled.[4] Plaintiff essentially
states in the Complaint that she is disabled and then lists a
number of incidents in which Defendants allegedly mistreated
her. "'Simply stating that one endured [] discrimination without
presenting allegations suggestive of such conduct does not meet
our pleading standards.'" <u>Deserne v. Madlyn & Leonard Abramson
Ctr. For Jewish Life, Inc.</u>, No. 10-03694, 2011 WL 605699, at *2
(E.D. Pa. Feb. 16, 2011) (quoting <u>Funayama v. Nichia Am. Corp.</u>,
No. 08-5599, 2009 WL 1437656 at *5 (E.D. Pa. May 21, 2009)).
There are no allegations to support any inference that there is
a causal connection between plaintiff's handicap and any adverse
action taken against her by Defendants. For example, she alleges
that she was denied rental assistance because she was allowed to
have a two-bedroom apartment due to her disability. But nothing
in the Complaint suggests that the denial was due to
discrimination. Indeed, in the same paragraph, Plaintiff states
that she was told she did not qualify for assistance. She also
pleads that before she was denied rental assistance, "Carol told
the individuals" that Plaintiff "did not need it because

---

[4] Plaintiff does not specify what her disability is.

8

[Plaintiff] was never home anyway," appearing to suggest that the denial was in fact due to Carol's influence and not Plaintiff's disability.[5] Plaintiff also alleges that Defendants tried to evict her several times, but the Court can discern no facts which would indicate that Defendants' actions were motivated by discriminatory animus. There are no allegations that residents who were similarly situated but not disabled were treated more favorably. In sum, there are no facts in Plaintiff's Complaint that would lend plausibility to the bare legal conclusion of discrimination.

10.   Nor has Plaintiff plausibly asserted claims under the Constitution. To the extent Plaintiff seeks a remedy under 42 U.S.C. § 1983, she must demonstrate "a violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 47 (1988); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Plaintiff has not shown that Defendants are government actors, or that they acted "under color of state law." See Groman v. Twp. of Manalapan, 47 F.3d 628, 638-39 (3d Cir. 1995) (describing various approaches for detecting the presence of action under color of state law). In the "Parties"

---

[5] Plaintiff does not identify who "Carol" is, nor is "Carol" a defendant in Plaintiff's suit.

section of the Complaint, Plaintiff lists the Defendants along with several of their addresses, but does not explain who the parties are or identify whether any of them are state government entities. As § 1983 provides a cause of action only against persons who act "under color of state law" and the Court cannot determine from Plaintiff's Complaint whether any of the Defendants are state government actors, Plaintiff has failed to state a § 1983 claim for relief for constitutional violations. Additionally, as articulated above, any discrimination claim brought under the Equal Protection Clause would fail because Plaintiff has not alleged facts to plausibly suggest that she was discriminated against by the state or its agencies due to her disability.[6]

---

[6] Relying on a declaration by Kelli Staten attached to their motion to dismiss, Defendants also argue that Plaintiff's claims are moot and are barred by the two-year statute of limitations. (See Def. Br. at 8-10, 13, & 15; Staten Declaration [Docket Item 15-3].) It is well-settled that on a motion to dismiss under Rule 12(b), the court may not consider "matters extraneous to the pleadings," unless the document was integral to or explicitly relied upon in the plaintiff's complaint. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1997). Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that courts consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss). As the Staten Declaration is not integral to Plaintiff's complaint and Defendants have made no argument for why it should be considered, the Court will not rely upon it. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that district court should not have considered information from the brief supporting the motion to dismiss). Thus, Defendants' statute of limitations and mootness

11.   Under Federal Rule of Civil Procedure 12(e), a defendant may move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement, however, are "generally disfavored," particularly in light of the liberal pleading standards under the Federal Rules. Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (citation omitted). Rule 12(e) provides a remedy for an "unintelligible" pleading that "is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." Id.; Clark v. McDonald's Corp., 213 F.R.D. 198, 232–33 (D.N.J. 2003) (citations and internal quotation marks omitted). However, it does not serve as a mechanism to correct a pleading merely lack in detail. Premier Payments Online, 848 F. Supp. 2d at 522 (citation omitted). "Because there is potential that Rule 12(e) could require more specificity than that required by Rule 8(a)(2) and therefore be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity." Gittens v. Experian Information

---

arguments, both of which rely upon new facts contained in the Staten Declaration, need not be addressed in this Rule 12(b)(6) motion.

Solutions, Inc., No. 13-5534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014) (citations and internal quotation marks omitted).

12.   The Court, having found that the Complaint fails to state a plausible claim, will not go further to examine the Complaint for its shortcomings in being specific as to such allegations as the dates of these events, the names and titles of the persons against whom relief is sought, and the grounds for alleging that Plaintiff's disability was a motivating factor in the treatment Plaintiff has received, among other deficiencies.

13.   Although the Court finds that a more definite statement is not required, Plaintiff's Complaint fails to plead plausible claims for relief. However, as Plaintiff may be able to submit an amended pleading that cures the deficiencies discussed herein, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff may file a motion for leave to file an Amended Complaint within thirty (30) days, accompanied by the proposed Amended Complaint that attempts to cure these deficiencies with clear and concise allegations of the grounds for the causes of action. If Plaintiff files a motion to amend, it must contain the proposed Amended Complaint as an attachment, and it must be received by the Clerk's Office and served on opposing counsel within thirty (30) days hereof.

14.   The accompanying Order will be entered.


**June 30, 2015**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge